# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| Daniel Lambeth, on Behalf of Himself and Others Similarly Situated,<br><br>    Plaintiff,<br><br>        v.<br><br>Advantage Financial Services, LLC,<br><br>    Defendant. | Case No.: 1:15-cv-33-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for preliminary approval of a class action

settlement.  For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff Daniel Lambeth brought this lawsuit against Advantage claiming that it

violated the Fair Debt Collection Practices Act (FDCPA).  Specifically, Lambeth alleged

that Advantage would leave phone messages to debtors (1) failing to identify itself as a

debt collector; and (2) failing to disclose that any information revealed by the debtor

would be used to collect the debt.  Lambeth sued on behalf of a class of those who had

received such phone messages.

The parties eventually reached a settlement in which (1) a class would be certified

under Rule 23(b)(2) of all persons who received the illegal phone messages between

**Memorandum Decision & Order  – page 1**

February 4, 2014, and February 4, 2015 (including about 40,000 persons, the parties estimate); (2) Daniel Lambeth, the named plaintiff, would be deemed the Class Representative; (3) the Court would enter an injunction against Advantage requiring that when it contacts debtors in the future, it will identify itself as a debt collector and disclose that it is attempting to collect a debt; (4) Advantage would not admit any wrongdoing; (5) class members would not release their individual claims against Advantage, and would not receive any forgiveness of any debts that were being pursued by Advantage; (6) Lambeth would receive $1,000, obtain forgiveness of certain debts Advantage was attempting to collect, and release his individual claims against Advantage; and (7) Advantage would pay a *cy pres* award to Idaho Legal Aid in the sum of $5,000.

Plaintiffs ask the Court to issue a preliminary approval of the settlement, and set up a hearing where final approval will be considered.

## LEGAL STANDARDS

Rule 23(e) requires court approval for class settlements.  The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.1992).  At the same time, settlement approval "requires a higher standard of fairness" when the parties reach a class action settlement prior to class certification, as they did here.  *Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012).  "The reason for the more exacting review of class settlements reached before formal class certification is to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed

Memorandum Decision – page 2

plaintiffs who class counsel had a duty to represent." *Id.* Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Lilly v. Jamba Juice Co.,* 2015 WL 1248027 at *6 (N.D.Cal. 2015).

The process begins with a "preliminary determination." *See Manual for Complex Litigation, Fourth* § 21.632 (FJC 2004). The Court's task at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *Lilly,* 2015 WL 1248027 at *6. Preliminary approval of a settlement is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Id.* The Court may consider a number of factors, including:

(1) the strength of plaintiffs' case;
(2) the risk, expense, complexity and likely duration of further litigation;
(3) the risk of maintaining class action status throughout the trial;
(4) the amount offered in settlement;
(5) the extent of discovery completed, and the stage of the proceedings;
(6) the experience and views of counsel; and
(7) the reaction of the class members to the proposed settlement.

*Id.* at *7. After preliminary approval, the Court must hold a hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) to make a final determination of whether the settlement is "fair, reasonable, and adequate." Here, the plaintiffs ask the Court to take the first step in granting preliminary approval to the proposed class and the proposed settlement.

**Memorandum Decision – page 3**

## ANALYSIS

### Preliminary Approval of Class Certification

The proposed class appears to meet the requirements of Rules 23(a) and (b).  The estimated size of the class is 40,000 persons, and the class members were all recipients of the allegedly improper phone messages.  The claims of proposed Class Representative Lambeth are identical to those of the class, and both he and his counsel appear to be zealous in their representation of the absent class members.  The proposed class also appears to satisfy the requirements of Rule 23(b)(2) because Advantage's conduct applies uniformly to the entire class, and plaintiffs are seeking injunctive relief, not monetary relief.

Nevertheless, the Court has a concern about the need for a class under the circumstances of this case.  In this settlement, the class members (other than Lambeth) receive nothing of direct value – they get no money, no forgiveness of debt, and no admission of wrongdoing by Advantage.  The injunction merely requires Advantage to comply with the FDCPA in the future, adding nothing to Advantage's existing legal obligations.  The *cy pres* award of $5,000 to Idaho Legal Aid can be deemed a benefit to the class members only in the most theoretical and tangential sense.

This raises a question:  Why is a class necessary?  Does the Court need a class to issue the injunction and award Lambeth his settlement benefits?  If the class members are not getting anything, why sweep them into this litigation at all?

**Memorandum Decision – page 4**

While these questions raise concerns, the deeper inquiry they require should be reserved for the final approval stage of class certification.  At the moment, the Court is only considering preliminary approval, and it is enough that without extensive inquiry, and on its face, the proposed class appears to satisfy the requirements of Rules 23(a) and (b).  Thus, the Court will grant preliminary approval and reserve ruling on these concerns until the final approval stage.  Consequently, the Court will grant preliminary approval under Rule 23(b)(2) to a class comprised of :

> All persons (1) located in Idaho, (2) for whom Advantage Financial Services, LLC left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) from February 4, 2014 through February 4, 2015.

## Preliminary Approval of Settlement Agreement

As discussed above, the class members get nothing from this settlement.  In contrast, Lambeth gets $1,000 and forgiveness of the debts Advantage was pursuing. This gap between the Class Representative and the class members creates the appearance that Lambeth sweetened his own recovery at the expense of the class members.

But that appearance may mask a more complicated reality.  If the class proceeded to trial, and prevailed, they might have received a ruling that Advantage was guilty of wrongdoing, but their damages would have been limited to about three cents per class member.  That damage award would be so low because the FDCPA limits class damages to the lesser of $500,000 or 1% of the defendant's net worth.  Because Advantage's net

worth is so low, the class members had no hope of any real monetary recovery at trial. And they would risk losing and getting nothing.

In other words, a trial would not promise much more than the settlement. Given this, the proposed settlement appears to have been reached without collusion and "within the range of possible approval." *Lilly,* 2015 WL 1248027 at *6. Consequently, the Court will grant preliminary approval of the settlement.

## Notice

Rule 23(c)(2)(A) states that the Court "may" direct notice for any class certified under Rule 23(b)(2). *Compare Rule 23(c)(2)(B)* ("the court *must* direct [notice to class members]") (emphasis added). The parties allege that it is too expensive and burdensome to provide any type of notice, and the Court agrees with that assessment. Moreover, there is no danger that absent class members will be prejudiced by this settlement if it is finally approved without notice to them – they have not released any of their individual claims pursuant to the settlement and retain the right to sue Advantage. Under these circumstances, the Court finds that notice need not be given.

## Conclusion

For the reasons expressed above, the Court will grant the motion for preliminary approval.

## ORDER

Pursuant to the Memorandum Decision filed with this Order,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for preliminary

**Memorandum Decision – page 6**

approval of class settlement (docket no. 13) is GRANTED.

IT IS FURTHER ORDERED, that pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (1) located in Idaho, (2) for whom Advantage Financial Services, LLC left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) from February 4, 2014 through February 4, 2015.

IT IS FURTHER ORDERED, that

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Daniel Lambeth as the Class Representative and Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel.

**NOTICE** – No notice is required.

**INCENTIVE AWARD TO PLAINTIFF** – Plaintiff will receive the sum of $1,000.00 in statutory damages from Defendant and, separately, Defendant has agreed to waive three other accounts assigned to Defendant for collection and alleged to be owed by Plaintiff.

**FINAL APPROVAL** – The Court shall conduct a telephonic hearing (hereinafter referred to as the "final approval hearing") on **August 3, 2015, at 2:30 p.m.**   The call in number is as follows: 1-877-336-1828 (Access Code: 4685496)(Security Code: 9466).   At that time, the Court will review and rule upon the following issues:

A. Whether a class is necessary, as discussed in the Memorandum Decision accompanying this Order.

B.  Whether this action satisfies the applicable prerequisites for class action treatment for

**Memorandum Decision – page 7**

settlement purposes under Fed. R. Civ. P. 23;

C.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

D.  Whether the Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

E.  To discuss and review other issues as the Court deems appropriate.

11.     Submissions by the Parties, including memoranda in support of the proposed settlement, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 14 days prior to the Final Approval Hearing, *i.e.*, **no later than July 20, 2015**.

12.     The Settlement Agreement and this Order shall be null and void if any of the following occur:

A.  The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.  The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C.  The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

13.     If the Settlement Agreement and/or this order are voided per ¶ 12 of this order,

**Memorandum Decision – page 8**

then the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

14.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

DATED: June 16, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision – page 9**